IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-263-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CLINTON J. MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the oral motion of defendant's counsel, pursuant to 18 U.S.C. § 4241(a), concerning defendant's mental competency. Defendant appeared before the court today on the pending petition for revocation of his release prior to sentencing (D.E. 22). After the court advised defendant of the charges against him and various rights of his relating to the charges, defense counsel requested a brief recess to enable him to confer with defendant regarding scheduling matters in the revocation proceeding. Following the recess, defense counsel advised the court that: defendant has a history of mental health problems dating back to an incident in which he was severely burned; he had been taking medication for these problems, including Xanax, prior to his arrest on 18 June 2013 in the Middle District pursuant to the revocation motion, but he has received no such medication since his incarceration; when defense counsel visited defendant in jail in the Middle District, defendant was not able to understand the nature of the revocation proceedings against him or communicate meaningfully with counsel regarding them; and during the recess in today's proceedings, defense counsel found defendant in a similar state. On that basis, defense counsel moved orally for an order providing that defendant be evaluated for mental competency. He requested that defendant be placed in a suitable facility for such an evaluation as promptly as possible for defendant's safety and

wellbeing. The government does not object to referral of defendant for a mental competency evaluation.

Based on the information from defense counsel, the court finds that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS THEREFORE ORDERED as follows:

1. Defendant shall be examined by at least one qualified psychiatrist or psychologist under the provisions of 18 U.S.C. § 4241(b) and § 4247(b) and (c) to determine if he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. Defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility as soon as possible for purposes of the examination. <u>Such placement shall occur as soon as possible</u>. Defendant shall remain in the custody of facility until his release is ordered by this court.

3. The court recommends that defendant be placed at FMC-Butner because of its proximity to defendant's counsel.

4. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. Reports on the examination shall be prepared, served, and filed in accordance with 18 U.S.C. § 4247(c). A copy of the report shall be sent directly to the chambers of the undersigned Magistrate Judge at the time of service and filing.

6. Further court proceedings in this case, including the hearing on the petition for revocation of release prior to sentencing referenced above, are continued pending order of the court after resolution of the competency issue.

7. To the extent that the Speedy Trial Act is deemed applicable at this stage of this case, the delay that results from the examination and continuance provided for herein shall be excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A) on the grounds that the ends of justice served by granting such relief outweigh the interests of the public and defendant in more expeditious proceedings.

8. No later than 11 July 2013, counsel shall file a joint report on the status of defendant's placement and evaluation. The memorandum shall include: the identity of the facility at which defendant has been placed for the evaluation; the expected date of completion of the evaluation if not already completed (to the extent reasonably obtainable) or, if completed, the date of completion; and if not already submitted to the court, the expected date of submission of the report on the evaluation (to the extent reasonably obtainable).

9. No later than 8 August 2013, counsel shall file another joint report on the status of defendant's placement and evaluation, which shall include the same information required in the preceding paragraph.

SO ORDERED, this the 26th day of June 2013.

James E. Gates
United States Magistrate Judge